CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILSON, | ) | |
|     Plaintiff, | ) | Civil Action Nos. 7:25-cv-00236 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| KIMBERLY HAUG, *et al.*, | ) |     Chief United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Christopher Wilson, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Wilson's claims are frivolous, that Wilson has failed to state a claim for which relief can be granted, and that his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted)

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.

*See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Wilson's complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Wilson alleges that he is currently detained at the New River Valley Regional Jail. He claims that it was "federally ordered" that he could not be detained at this jail anymore due to "their attempts to murder me . . . ." (Compl. at 2.) Wilson also alleges that "they done stated they brought me back to finish me off. They also tried to give me aids in cruel and unusual punishment." Wilson asks to be released because a judge "overruled my attempted arson on my jurisdictional challenge and freed from being kidnapped and false imprisonment." (*Id.* at 3.)

Wilson's claims that individuals at the New River Valley Regional Jail are trying to kill him or give him AIDS are legally frivolous. *See, e.g.*, *Williams v. Hart*, 930 F.2d 36, 1991 WL 47118, at *2 (10th Cir. Mar. 22, 1991) (dismissing claim about intentional exposure to AIDS as frivolous pursuant to § 1915); *Marshall v. Huber*, Civil Action No. 3:09-CV-308-S, 2009 WL 1904330, at *2 (W.D. Ky. July 1, 2009) (dismissing claim that defendants are trying to harass and eventually kill plaintiff as frivolous). Aside from his claims being frivolous, Wilson has also not plausibly alleged a claim against any of the defendants because he does not allege how any of the defendants acted to deprive him of his constitutional rights. *See Howard v. Mays*, C/A/ No. 8:23-cv-01703-DCN-JDA, 2023 WL 11959785, at *6 (D.S.C. Sept. 1, 2023) (dismissing complaint because "as recently reiterated by the Fourth Circuit, general, conclusory, and collective allegations against groups of defendants fail to establish fail to allege a plausible claim") (citing *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023)). Finally, if Wilson is trying to pursue a collateral attack on an unspecified criminal conviction in an attempt to secure his release from prison, a § 1983 action is not the correct vehicle for such a pursuit. A civil

rights § 1983 case challenges the conditions of plaintiff's confinement, and a habeas corpus matter challenges the legality of that confinement.

Based on the foregoing, the court will issue an appropriate order dismissing this action for failure to state a claim and because it is frivolous.

Entered: October 30, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge